**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA L. RAINGE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

NOW comes THERESA L. RAINGE, ("Plaintiff"), by and through her undersigned attorney, on behalf of herself and all others similarly situated, complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages on behalf of herself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Sacramento County, California, which is within the Eastern District of California.

5. Defendant is a third party debt collector that "has been serving the collection needs of businesses and consumers since 1998."[1] Defendant is a corporation organized under the laws of the state of Washington with its principal places of business located at 21222 30th Drive Southeast, Suite 120, Bothell, Washington. Defendant engages in collection activity throughout the United States, including the state of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a defaulted apartment lease ("subject debt") that Plaintiff purportedly owed to Kaleidoscope Apartments ("KA").

---

[1] https://iqdata-inc.com/about-us

2

8. Plaintiff broke her lease with KA after KA gave her permission to do so, leaving a certain balance remaining on the subject debt.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and turned over to Defendant for collection purposes.

10. On or about May 29, 2020, Defendant sent Plaintiff a collection letter ("May 29 Letter") attempting to collect upon the subject debt.

11. The May 29 Letter advised that the subject debt had a principal balance of $2,788.47, that there was "Interest Due" in connection with the subject debt in the amount of $161.75, for a "Total Due" of $2,950.22.

12. Thereafter, the May 29 Letter offered Plaintiff two options to settle the subject debt: (1) 40% off the total due if payment were made by February 26, 2020; and (2) 30% off the total due is payment were made by March 27, 2020.

13. The May 29 Letter further states "[i]f you cannot take advantage of the settlement proposal, we will take payments LOWER than normally approved to help you satisfy your obligation."

14. As such, the deadlines for the settlements offers set forth in Defendant's May 29 Letter preceded Defendant's sending and Plaintiff's receipt of the May 29 Letter.

15. Because of this, Plaintiff was frustrated and suffered emotional distress that she was provided ostensible offers of settlement, which she would have explored, but-for the belief that such deadlines had already passed.

16. However, the fact Defendant offered Plaintiff settlement options for which the deadlines had passed by the time Plaintiff became aware of such offers suggests that Defendant's purported deadlines were illusory in nature, and Plaintiff would have been able to avail herself of the settlement option for some time after her receipt of the May 29 Letter.

17. Believing that her ability to settle the subject debt with Defendant had passed, Plaintiff lost time exploring settlement options with KA directly – however, she was referred to Defendant.

18. Plaintiff subsequently attempted to work with Defendant on a settlement option in line with the offers made in Defendant's May 29 Letter; however, Defendant refused to work with Plaintiff and instead demanded full payment.

19. Defendant's refusal to work with Plaintiff both cuts against the representation in the May 29 Letter that Defendant would take payments lower than those normally approved, while simultaneously underscoring the unfair and deceptive nature of Defendant's bait and switch tactics in relation to the settlement offers it provided consumers.

20. Plaintiff suffered further emotional distress given Defendant's representations regarding the interest associated with Plaintiff's account, as the false belief that Plaintiff had missed the ability to settle the subject debt with Defendant upon her receipt of the May 29 Letter led Plaintiff to conclude that, because she could not take the settlement options she otherwise would have taken, the subject debt would continue to accrue interest.

21. The inaction Defendant's May 29 Letter created in Plaintiff further harmed Plaintiff to the extent the subject debt continued to accrue interest, as Defendant's unfair and deceptive representations regarding Plaintiff's settlement options in connection with the subject debt resulted in Plaintiff failing to explore such options with Defendant (options which she would have explored timely had she been provided accurate and fair settlement options) in turn causing interest to accrue on the subject debt, further exposing Plaintiff to potential liability on the subject debt that would not have come about but-for Defendant's unfair and deceptive representations.

22. All of Defendant's collection actions at issue occurred within one year preceding the date of the filing of this Complaint.

23. Plaintiff suffered actual and concrete damages stemming from Defendant's conduct, including the emotional distress she experienced as a result of Defendant's unfair and deceptive representations, the lost time she spent dealing with Defendant's deceptive and unfair and conduct, as well as numerous violations of Plaintiff's state and federally protected interests to be free from deceptive, misleading, harassing, oppressive, and abusive debt collection conduct.

### CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on her own behalf and as a class action against Defendant on behalf of the following class:

> All persons residing in the state of California to whom Defendant sent a collection letter attempting to collect upon a debt containing settlement offers with deadlines preceding the date such collection letters were sent, during the one year preceding the filing of this action through the date of class certification.

25. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

26. Upon information and belief, the Class consists of hundreds or more persons throughout the state of California, such that joinder of all Class members is impracticable.

27. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA and RFDCPA, particularly because they are based on a common course of conduct by Defendants.

28. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

29. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

30. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendants. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA and RFDCPA by offering Plaintiff and putative Class members settlement offers with expired deadlines by the time Plaintiff and putative Class members received such settlement offers; (ii) whether Defendant violated the FDCPA and RFDCPA by refusing to honor its offered settlements whose deadlines expired prior to Plaintiff and putative Class members receiving such settlement offers; and (iii) the type and amount of relief to which Plaintiff and putative Class members are entitled.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST DEFENDANT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though full set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

34. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

35. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

36. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes. .

6

**a. Violations of FDCPA § 1692e**

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10).

39. Defendant violated §1692e and e(10) through the deceptive and misleading nature of its offered settlements. Defendant's May 29 Letter deceptively offered Plaintiff several options to settle the subject debt whose deadlines had already passed by the time Plaintiff received the collection letter. Plaintiff suffered emotional distress from the belief that she had missed her window to accept Defendant's offered settlements, when in reality such offers could not have meaningfully been accepted given Defendant's deceptive and misleading representations.

40. Defendant further violated § 1692e and e(10) through its false representation as to its willingness to accept payments lower than usual in the event Plaintiff attempted to work out a deal with Defendant. Defendant's May 29 Letter explicitly states that it would be willing to work with Plaintiff on lower payments; however, when Plaintiff attempted to avail herself of these options, Defendant instead demanded full payment.

**b. Violations of FDCPA § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f by unfairly offering settlement opportunities that could not meaningfully have been accepted by Plaintiff. Defendant unfairly offered Plaintiff and consumers options to settle debt whose deadlines had already passed, and subsequently refused to honor such illusory settlements. This conduct demonstrates the unfair nature of Defendant's collection efforts.

Upon information and belief, Defendant intentionally engaged in its unfair conduct in order to get its "foot in the door" with consumers seeking to avail themselves of offered settlements, only to turn around and demand full payment from such consumers who have expressed a willingness to work with Defendant.

43. Defendant further violated § 1692f when it unfairly refused to work with Plaintiff to address the subject debt. Despite Defendant's magnanimous representations as to its willingness to work with consumers and Plaintiff, such conduct is merely an unfair front designed to goad consumers into dealing with Defendant so that Defendant can attempt to collect full payment from consumers who have expressed a willingness to work with Defendant.

44. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, THERESA L. RAINGE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST DEFENDANT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

8

47. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

48. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 – 1788.17

49. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

50. As outlined above, through its unlawful attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692e, and f. Defendant engaged in a deceptive and unconscionable campaign to collect from Plaintiff the subject debt through the deceptive and unfair

51. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, THERESA L. RAINGE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Statutory damages pursuant to Cal. Civ. Code § 1788.30(b);

d. Costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Award any other relief as the Honorable Court deems just and proper.

Dated: December 21, 2020                    Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com